UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REVERIANO DURAN, ) <br> ) <br> Plaintiff, ) <br> ) No.: <br> ) <br> v. ) <br> ) <br> CONAGRA FOODS, INC., and ) <br> CONAGRA BRANDS, INC., ) <br> ) <br> Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant CONAGRA BRANDS, INC. f/k/a CONAGRA FOODS, INC. ("Conagra") hereby removes to this Court the above-styled action, pending as Case No. 2019-L-004879 in the Circuit Court of Cook County, Illinois (the "Action"), and in support thereof, states as follows:

### INTRODUCTION

1. The Action is properly removed to this Court pursuant to the federal removal statute, 28 U.S.C. § 1441, because (a) the action is pending in the Circuit Court of Cook County, Illinois, which is within the Northern District of Illinois, Eastern Division, 28 U.S.C. § 93(a)(1); (b) the Court has diversity jurisdiction over the Action pursuant to 28 U.S.C. § 1332; and (c) the procedural requirements for removal set forth in 28 U.S.C. §§ 1446 and 1453 are satisfied.

### REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

2. This Notice of Removal is based upon subject matter jurisdiction conferred by complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

3. Paragraph 2 of the Complaint asserts that plaintiff Reveriano Duran ("Plaintiff") is a resident of Houston, Texas. A copy of the Complaint is attached hereto as Exhibit A. Plaintiff, therefore, is a citizen of Texas.

4. Conagra is a corporation organized under the laws of Delaware with its principal places of business in Illinois. Conagra, therefore, is a citizen of Delaware and Illinois.

5. Because Plaintiff is a citizen of Texas and Conagra is a citizen of Delaware and Illinois, complete diversity of citizenship exists between Plaintiff and Conagra. 28 U.S.C. § 1332(a)(1).

6. Conagra has not been served in this Action. The removal statutes allow Conagra to remove a case prior to receiving service of the Complaint. *See* 28 U.S.C. § 1446(b)(1) ("A notice of removal shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such an action or proceeding is based.").

7. The prohibition against removal based on diversity of citizenship by a forum-state defendant does not apply to the Action. *See* 28 U.S.C. § 1441(b)(2). Rather, by its plain language, section 1441(b)(2) applies only where a "properly joined *and served*" defendant is a citizen in the state in which the action is brought. *Id.* (emphasis added). Numerous courts, including this Court have recognized that this section does not apply prior to service of the complaint on the forum defendant. *See D.C. by & through Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 996-97 (N.D. Ill. 2018) (allowing removal from the Circuit Court of Cook County where forum defendant "filed a notice of removal before it became a forum defendant that was . . . properly served"); *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 936-37 (N.D. Ill. 2017) (allowing removal where forum defendant was "not properly served" at the time of the removal); *see also,*

*e.g.*, *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (same).

8. The amount-in-controversy requirement has also been met. *See* 28 U.S.C. § 1332(a) (requiring that the "matter in controversy exceeds the sum or value of $75,000"). A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; only when the defendant's "assertion of the amount in controversy is challenged" do the parties need to submit proof. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014); *Midland Mgmt. Co. v. Am. Alternative Ins. Co.*, 132 F. Supp. 3d 1014, 1018 (N.D. Ill. 2015) (same). The removing party is not required "to establish that it was likely that the plaintiff would obtain a judgment exceeding the amount-in-controversy requirement." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 829 (7th Cir. 2011). Rather, "jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000." *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011).

9. Plaintiff in this Action alleges that a container of cooking spray "exploded" and caused Plaintiff "injuries of a permanent nature including, but not limited to, burns, scarring, and disfigurement." (Ex. A, Compl. ¶ 28.)

10. Plaintiff also alleges that that he "suffered great pain and anguish in both mind and body," and was "hindered and prevented from his usual and customary duties and affairs," that he will "in the future be caused to endure great pain, suffering and disability and has expended and become liable for substantial sums of medical care and services while endeavoring to become

cured and healed of said injuries and will continue to expend and become liable for additional costs for future medical treatment," that he has lost earnings and will continues to lose earnings, and that he has been "unable to and will in the future be unable to attend to his normal affairs and duties for indefinite period of time." (*Id.*)

11. Given the nature of Plaintiff's alleged injuries, the scope of damages sought, and the lack of any express limitation on the amount of damages sought, the jurisdictional amount requirement is satisfied.

### **CONAGRA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

12. Plaintiff filed this Complaint in the Circuit Court of Cook County, Illinois on May 7, 2019. The case was assigned case number 2019-L-004879.

13. Conagra has not yet been served with the Complaint, and first received a copy of the Complaint on May 8, 2019. Accordingly, this Notice of Removal was timely filed within thirty (30) days as required by 28 U.S.C. §1446(b).

14. As of the time of this filing, Conagra has not been notified of service of any process, pleadings or orders to provide pursuant to 28 U.S.C. § 1446(a).

15. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served on counsel for Plaintiffs, and a copy will be filed promptly with the Circuit Court of Cook County, Illinois.

16. The Circuit Court of Cook County, Illinois is located within the Northern District of Illinois, Eastern Division. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

17. By removing this action, Conagra does not waive any defenses available to it.

18.     If any question arises as to the propriety of the removal of this action, Conagra requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

19.     This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, defendant CONAGRA BRANDS, INC., f/k/a CONAGRA FOODS, INC. prays that this Honorable Court assume jurisdiction of this Action.

Dated: May 8, 2019                    /s/ Kara L. McCall
               Kara L. McCall

               SIDLEY AUSTIN LLP
               One South Dearborn Street,
               Chicago, Illinois 60603
               Phone: (312) 853-2666
               Fax: (312) 853-7036
               Email: kmccall@sidley.com

               Mary S. Young *(To be admitted Pro Hac Vice)*
               Emily A. Ambrose *(To be admitted Pro Hac Vice)*
               BLACKWELL BURKE P.A.
               431 South Seventh St., Suite 2500
               Minneapolis, Minnesota 55415
               Phone: (612) 343-3200
               Fax: (612) 343-3200
               Email:  myoung@blackwellburke.com
                   eambrose@blackwellburke.com

               ***Counsel for Defendants Conagra Brands, Inc.***
               ***f/k/a Conagra Foods, Inc.***

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 8, 2019, a copy of the foregoing document was served on the following counsel by e-mail and that on May 9, 2019, a copy of the foregoing document was served on the following counsel by U.S. Mail:

  Peter J. Flowers, Esq. (*Firm No. 56079*)
  Frank V. Cesarone
  Meyers & Flowers, LLC
  225 West Wacker Drive, Suite 1515
  Chicago, Illinois 60606
  pjf@meyers-flowers.com
  fvc@meyers-flowers.com

  J. Craig Smith, Esq.
  Koskoff Koskoff & Bieder, P.C.
  350 Fairfield Avenue
  Bridgeport, Connecticut 06604
  csmith@koskoff.com

  Steve Waldman, Esq.
  Terry Bryant PLLC
  8584 Katy Freeway Suite 100
  Houston, TX 77024
  swaldman@terrybryant.com

                /s/ Kara L. McCall
                Kara L. McCall