# EXHIBIT A

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

12-Person Jury

FILED
5/7/2019 6:36 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L004883

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| REVERIANO DURAN,<br><br>    Plaintiff,<br><br>v.<br><br>CONAGRA FOODS, INC. and<br>CONAGRA BRANDS, INC.<br><br>    Defendants. | CASE NO. [NUMBER HERE]<br>2019L004883<br>Judge [NAME HERE] |

## COMPLAINT AT LAW AND JURY DEMAND

NOW COMES the Plaintiff, REVERIANO DURAN, by and through his attorney, J. CRAIG SMITH of KOSKOFF KOSKOFF & BIEDER, P.C. and PETER J. FLOWERS of MEYERS & FLOWERS, LLC complaining against Defendants CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. and alleges:

### INTRODUCTION

1. This products liability lawsuit seeks compensatory damages on behalf of plaintiff REVERIANO DURAN, who was burned and severely injured by a can of Sysco Cooking Spray, which Defendants, CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. (collectively, the "DEFENDANTS"), designed, manufactured, marketed, sold and distributed.

### COMMON ALLEGATIONS

2. At all times relevant to this complaint, REVERIANO DURAN was a resident of Houston, Texas.

3. At all times relevant to this complaint, Defendant CONAGRA FOODS, INC. was a Delaware corporation with its principal place of business in Chicago, Illinois. It is currently a registered trade name for Defendant Conagra Brands, Inc.

1

4. At all times relevant to this complaint, Defendant CONAGRA BRANDS, INC. was a Delaware corporation with its principal place of business in Chicago, Illinois. It was formerly known as ConAgra Foods, Inc.

5. Defendant CONAGRA BRANDS, INC. is the successor in interest to CONAGRA FOODS, INC.

6. At all times relevant to the allegations in this complaint, DEFENDANTS were and are in the business of manufacturing, advertising and promoting the sale of various food brands, including Sysco Cooking Spray.

7. DEFENDANTS designed, manufactured, filled, and/or sold the canister of Sysco Cooking Spray that exploded in the kitchen of Berryhill Baja Grill.

8. The canister of Sysco Cooking Spray at issue was designed, manufactured and filled in Illinois.

9. The canister of Sysco Cooking Spray at issue was designed and manufactured with u-shaped vents on the domed bottom of the canister that were designed to open when the can buckled or when the bottom of the canister became convex instead of concave.

10. The canister of Sysco Cooking Spray at issue was designed and manufactured so that when the can buckled and the u-shaped vents on the bottom of the canister opened, the internal contents of the canister would escape through the vents and the pressure inside the can would be reduced.

11. The contents of the canister of Sysco Cooking Spray at issue included not only cooking oil, but also propellants, including extremely flammable materials such as propane and butane.

12. DEFENDANTS designed, manufactured, filled, and/or sold Sysco Cooking Spray for use in commercial kitchens.

13. The Sysco Cooking Spray reached Berryhill Baja Grill and its employee REVERIANO DURAN without substantial change in its condition and was stored and used in a reasonably foreseeable manner on July 16, 2017.

14. On July 16, 2017, REVERIANO DURAN was working in the kitchen at his place of employment, Berryhill Baja Grill, in Houston, Texas.

15. At said time and place, there was a canister of Sysco Cooking Spray located on a shelf in front of the grill top.

16. REVERIANO DURAN moved the can of Sysco Cooking Spray from the left side of the shelf to the right side of the shelf.

17. One or two seconds after moving the can of Sysco Cooking Spray, the canister suddenly and without warning began spraying its extremely flammable contents through the u-shaped vents on the bottom of the can and then exploded into flames, causing burns to REVERIANO DURAN and igniting a fire in the kitchen[1].

18. REVERIANO DURAN was performing his usual and customary duties as a cook at all relevant times, including when he placed the can of Sysco Cooking Spray on a shelf approximately one foot below and to the right of a grill.

## COUNT I – STRICT PRODUCTS LIABILITY
(Reveriano Duran v. Conagra Foods, Inc. & Conagra Brands, Inc.)

19. REVERIANO DURAN incorporates by reference paragraphs 1 through 18 of the Complaint at Law as if fully set forth herein.

---

[1] With permission of the Court, Plaintiff will attach as an exhibit to this Complaint the incident video clip of the Sysco Cooking Spray explosion at the Berryhill Baja Grill as set forth herein.

3

20. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. have a duty to place into the stream of commerce, manufacture, distribute, market, promote, and sell Sysco Cooking Spray and products that are not defective, unsafe and unreasonably dangerous when put to the use for which it was designed, manufactured, distributed, marketed, and sold.

21. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. did in fact design, manufacture, fill, market, promote, supply, distribute and/or sell Sysco Cooking Spray to Berryhill Baja Grill for use by its employees, including REVERIANO DURAN.

22. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. expected the Sysco Cooking Spray it was designing, manufacturing, filling, marketing, promoting, supplying, distributing and selling to reach, and it did in fact reach, consumers in the states of Illinois and Texas, including Berryhill Baja Grill and its employee REVERIANO DURAN, without substantial change in the condition.

23. At the time the Sysco Cooking Spray left the possession of CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. and the time the Sysco Cooking Spray entered the stream of commerce, the Sysco Cooking Spray was in a defective, unsafe and unreasonably dangerous condition. These defects include but are not limited to the following:

    a. The Sysco Cooking Spray was capable of venting at temperatures lower than DEFENDANTS' specifications and/or performance standards allow;

    b. The nature and magnitude of the risk of the can venting and causing a fire was high in light of the intended and reasonably foreseeable uses of the products in and around heat sources in the kitchen, including stoves/grills;

    c. The likelihood that product users were aware of this risk was low, given that the product was designed and advertised to be used around stoves/grills, and had no adequate warnings about possible dangers of doing so;

    d. The likelihood of the Sysco Cooking Spray causing and/or contributing to a fire due to venting was high in light of the intended and reasonably

4

        foreseeable use of the Sysco Cooking Spray product around stoves/grills and other heating sources;

e.    The flammability of the Sysco Cooking Spray product's ingredients and the Sysco Cooking Spray product's risk of venting were more dangerous than a reasonably prudent consumer would expect when used in the intended and reasonably foreseeable manner of cooking;

f.    At the time it left the control of the manufacturer, in the state of technical and scientific knowledge, reasonable and safer alternative designs were available with respect to the flammability of the ingredients, and alternative can designs would have prevented the venting event and the injuries in this case without substantially impairing the usefulness of the intended purposes of the product;

g.    Failed to provide warnings or instructions concerning the risk of venting, risk of fire, and risk of burn injuries, in light of the likelihood that some users of the Sysco Cooking Spray product would use the product in the kitchen and in close proximity to stoves/grills;

h.    Failed to provide adequate warnings concerning the risk of venting, risk of fire, and risk of burn injuries;

i.    Failed to provide adequate warnings concerning the types of propellants in the Sysco Cooking Spray product including isobutane and propane;

j.    Failed to provide warnings or instructions concerning the risk of venting, risk of fire, and risk of burn injuries, in light of incident reports that some people had suffered burn injuries due to venting during ordinary use of the Sysco Cooking Spray product; and

k.    Were otherwise defective, unsafe and unreasonably dangerous.

24.    At all times relevant to this complaint, REVERIANO DURAN used the Sysco Cooking Spray for its intended purpose, i.e. cooking spray, and stored it appropriately. There was no other reasonable cause of the Sysco Cooking Spray's failure to properly perform other than the Sysco Cooking Spray product being defective.

25.    REVERIANO DURAN could not have discovered any defect in the Sysco Cooking Spray through the exercise of due care.

5

26. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. as designer, manufacturer, filler, marketer, promoter, supplier, distributor and seller of food products are held to the level of knowledge of an expert in their field.

27. REVERIANO DURAN and his employer, the Berryhill Baja Grill did not have substantially the same knowledge regarding the dangers of the Sysco Cooking Spray as the designer, manufacturer, filler, marketer, promoter, supplier, distributor and seller: CONAGRA FOODS, INC. and CONAGRA BRANDS, INC.

28. As a direct and proximate cause of one or more of the foregoing wrongful acts or omissions by CONAGRA FOODS, INC. and CONAGRA BRANDS, INC., the Sysco Cooking Spray canister exploded and REVERIANO DURAN was caused to suffer and sustain injuries of a permanent nature including, but not limited to, burns, scarring and disfigurement. REVERIANO DURAN also suffered great pain and anguish in both mind and body. REVERIANO DURAN was hindered and prevented from his usual and customary duties and affairs. REVERIANO DURAN will be in the future caused to endure great pain, suffering and disability and has expended and become liable for substantial sums of medical care and services while endeavoring to become cured and healed of said injuries and will continue to expend and become liable for additional costs for future medical treatment. REVERIANO DURAN was also caused to lose earnings and will continue to lose earnings. Furthermore, REVERIANO DURAN was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, REVERIANO DURAN prays for judgment against Defendants, CONAGRA FOODS, INC. and CONAGRA BRANDS, INC., in a sum in excess of jurisdictional limits of this Court, together with interests and costs of this action.

## COUNT II – NEGLIGENCE
### (Reveriano Duran v. Conagra Foods, Inc. & Conagra Brands, Inc.)

29. REVERIANO DURAN incorporates by reference paragraphs 1 through 18 of the Complaint at Law as if fully set forth herein.

30. At all times relevant, it was the duty of CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. to exercise due care in designing, manufacturing, filling, marketing, promoting, supplying, distributing and/or selling Sysco Cooking Spray products such that they would be reasonably safe for their intended use.

31. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. negligence in the design, manufacture, testing, filling, marketing, promotion, supplying, distribution and/or sale of the Sysco Cooking Spray products includes but is not limited to the following:

    a. Negligently failed to appropriately inform users of the dangers associated with the Sysco Cooking Spray;

    b. Negligently misrepresented material facts regarding the Sysco Cooking Spray's safety and fitness for use around stoves/grills and other heating sources when in fact they are not safe for use in these areas;

    c. Negligently misrepresented material facts regarding the Sysco Cooking Spray's safety by withholding information regarding adverse events and information about incidents of venting and injury caused by the cans;

    d. After receiving post-marketing incident reports and/or testing data, CONAGRA FOODS, INC. and CONAGRA BRANDS, INC., knew, or in the exercise of reasonable care, should have known that there was a significant risk of venting, fire, and burn injuries associated with the use and/or storage of the Sysco Cooking Spray product and failed to communicate or warn users of this information;

    e. Failed to provide warnings or instructions concerning the risk of venting, risk of fire, and risk of burn injuries, in light of the likelihood that some users of the Sysco Cooking Spray product would use the product in the kitchen and in close proximity to stoves/grills;

    f. Failed to provide adequate warnings concerning the risk of venting, risk of fire, and risk of burn injuries;

g. Failed to provide adequate warnings concerning the types of propellants in the Sysco Cooking Spray product including isobutane and propane;

h. Failed to provide warnings or instructions concerning the risk of venting, risk of fire, and risk of burn injuries, in light of incident reports that some people had suffered burn injuries due to venting during ordinary use of the Sysco Cooking Spray product;

i. Failed to provide adequate instructions to persons cooking with and around their Sysco Cooking Spray products;

j. Failed to provide adequate instructions concerning safe and/or safer methods of cooking with and around Sysco Cooking Spray products;

k. Failed to conduct adequate testing on their Sysco Cooking Spray products to determine the venting hazards to which consumers and individuals such as REVERIANO DURAN may be exposed to while working with and/or around their products;

l. Failed to monitor and analyze what post-marketing reports observed with regard to individuals working with and around DEFENDANTS' Sysco Cooking Spray products and/or substantially similar products;

m. Used a canister which was not designed and/or manufactured to withstand a pressure of at least 270 psig at 130 degrees Fahrenheit without bursting in violation of 49 C.F.R. §178.33a(3)(ii); and

n. Were otherwise negligent in the design, manufacture, marketing, advertisement, promotion, sale and distribution of the Sysco Cooking Spray products.

32. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. knew or had reason to know that REVERIANO DURAN and Berryhill Baja Grill, as members of the general public for whose use the Sysco Cooking Spray was placed into interstate commerce, would be likely to use the Sysco Cooking Spray in a manner described in this Complaint.

33. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. knew or reasonably should have known of the danger associated with the manner and circumstances of REVERIANO

DURAN's foreseeable use of the Sysco Cooking Spray, which danger would not be obvious to the general public.

34. REVERIANO DURAN used the Sysco Cooking Spray for its intended purpose, i.e. cooking spray, and stored it appropriately, and there was no other reasonable cause of the Sysco Cooking Spray's failure to properly perform other than the Sysco Cooking Spray product being defective.

35. REVERIANO DURAN could not have discovered any defect in the Sysco Cooking Spray through the exercise of due care.

36. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. as designers, manufacturers, testers, fillers, marketers, promoters, suppliers, distributers and sellers of food products are held to the level of knowledge of an expert in their field.

37. REVERIANO DURAN and his employer, Berryhill Baja Grill, did not have substantially the same knowledge regarding the dangers of the Sysco Cooking Spray as the designer, manufacturer, filler, marketer, promoter, supplier, distributor and seller: CONAGRA FOODS, INC. and CONAGRA BRANDS, INC.

38. As a direct and proximate cause of one or more of the foregoing wrongful acts or omissions by CONAGRA FOODS, INC. and CONAGRA BRANDS, INC., the Sysco Cooking Spray canister exploded and REVERIANO DURAN was caused to suffer and sustain injuries of a permanent nature including, but not limited to, burns, scarring and disfigurement. REVERIANO DURAN also suffered great pain and anguish in both mind and body. REVERIANO DURAN was hindered and prevented from his usual and customary duties and affairs. REVERIANO DURAN will be in the future caused to endure great pain, suffering and disability and has expended and become liable for substantial sums of medical care and services while endeavoring

to become cured and healed of said injuries and will continue to expend and become liable for additional costs for future medical treatment. REVERIANO DURAN was also caused to lose earnings and will continue to lose earnings. Furthermore, REVERIANO DURAN was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, REVERIANO DURAN prays for judgment against Defendants, CONAGRA FOODS, INC. and CONAGRA BRANDS, INC., in a sum in excess of jurisdictional limits of this Court, together with interests and costs of this action.

**JURY DEMAND**

PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY.

RESPECTFULLY SUBMITTED,

MEYERS & FLOWERS, LLC.

By: */s/ Peter J. Flowers*
      Peter J. Flowers
      One of the Attorneys for Plaintiff

Peter J. Flowers, Esq. *(Firm No. 56079)*
Frank V. Cesarone
Meyers & Flowers, LLC
225 West Wacker Drive, Suite 1515
Chicago, Illinois 60606
PH: (630) 232-6333
FAX: (630) 845-8982
pjf@meyers-flowers.com
fvc@meyers-flowers.com

J. Craig Smith, Esq. *(To be admitted Pro Hac Vice)*
Koskoff Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604
PH: (203) 336-4421
FAX: (203) 368-3244
csmith@koskoff.com

Steve Waldman, Esq.
Terry Bryant PLLC
8584 Katy Freeway Suite 100
Houston, TX 77024
PH: (713) 830-7085
FAX: (713) 973-1188
swaldman@terrybryant.com